## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **EBONI JACKSON, Individually and on behalf of all those similarly situated,** | § § § | |
| *Plaintiff,* | § § | |
| **V.** | § § | **C.A. NO. 4:07-cv-3351** |
| | § | **(JURY DEMANDED)** |
| **LEGAL MEDIATION PRACTICE, INC.; FFD RESOURCES II, LLC d/b/a WebPayday.com; FFD VENTURES, LP; AND JOHN DOES 1 – 99, in their individual capacity as shareholders and interest holders of Legal Mediation Practice, Inc., FFD Resources II, LLC, and FFD Ventures, LP,** | § § § § § § § § § | |
| *Defendants.* | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE U.S. DISTRICT JUDGE OF SAID COURT:

COMES NOW, EBONI JACKSON, Individually and on behalf of all those

similarly situated (hereinafter referred to as "Jackson" or the "Plaintiff"), Plaintiff

in the above styled case, and makes this her Plaintiff's Original Complaint against

LEGAL MEDIATION PRACTICE, INC. ("LMP"), FFD RESOURCES II, LLC

d/b/a WebPayday.com ("FFD Resources"), FFD VENTURES, LP ("FFD

Ventures"), and JOHN DOES 1 – 99 ("Does")(LMI, FFD Resources, FFD

Ventures, and Does hereinafter collectively referred to as the "Defendants") and for cause of action would show as follows:

## I.

### Parties

1.      At all pertinent times the Plaintiff was and is a natural person and domiciliary of Houston, Harris County, Texas.

2.      Defendant Legal Mediation Practice, Inc. is a Florida corporation doing business in the State of Texas, and may be served by serving its registered agent, Duane C. Romanello, P.A., at its registered address located at 1919-8 Blanding Blvd., Jacksonville, Florida 32210, or wherever it may be found.

3.      Defendant Legal Resources II, LLC d/b/a WebPayday.com is a Utah corporation doing business in the State of Texas, and may be served by serving its registered agent, Thomas Scribner, at its registered address located at 2696 N. University Avenue, Suite 220, Provo, Utah 84604, or wherever he may be found.

4.      Defendant FFD Ventures, LP is a Nevada limited partnership doing business in the State of Texas, and may be served by serving its registered agent, Resident Agents of Nevada, Inc., at its registered address located at 711 S. Carson Street, #4, Carson City, NV 89701, or wherever it may be found.

5.      Defendant John Does 1 – 99, Individually in their capacity as shareholders, members, and/or interest holders in Legal Mediation Practice, Inc.,

2

FFD Resources II, LLC, and FFD Ventures, LP, are individuals who are the shareholders, members, or interest holders of Legal Mediation Practice, Inc., FFD Resources II, LLC, and FFD Ventures, LP.

## II.

### Jurisdiction and Venue

6.   This Court has jurisdiction under 28 U.S.C. § 1331 in that this civil action arises under the laws of the United States, in particular under the provisions of the "Racketeer Influenced and Corrupt Organizations Act" codified at 18 U.S.C. §§ 1961, *et seq.* ("RICO") and under the provisions of the federal "Fair Debt Collection Practices Act" codified at 15 U.S.C. §§ 1692, *et seq.* ("FDCPA")

7.   The Defendants are also liable to the Plaintiff pursuant to the laws of the State of Texas, which claims may be brought under the supplemental and ancillary jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a).

8.   This Court has personal jurisdiction over the Defendants because they operated in Texas, solicited and made loans to Texas residents in Texas conducted collections on those loans in Texas, and conducted the acts that are the grounds of this suit in Texas.   The Defendants have also established minimum contacts in the State of Texas.

9.   This Court has venue under 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Texas.

## III.

## Background Facts

10.   Ms. Jackson borrowed $400.00 from FFD Resources doing business under the assumed name of "WebPayday.com" through its website at http://www.webpayday.com.  Ms. Jackson borrowed the money for her brother's personal and household needs, because he was in a financial hardship.  When Ms. Jackson's brother was unable to pay off the loan, FFD Resources assigned the debt to its collector LMP for collection action.

11.   FFD Resources, its member FFD Ventures, the collector LMP, and their various owners have created an enterprise to make usurious, unlawful loans and use extortionate practices to collect them.  FFD Ventures uses FFD Resources as a front to broker the loans under an assumed name at the usurious rates.  FFD Resources operates a website that can be accessed by consumer debtors across the country in interstate commerce.  FFD Resources uses this website on the Internet to solicit consumers for loans nationwide.  Consumers visit the website and apply online over the Internet.  The website is administered through Namesecure.com out of Herndon, Virginia.  Thus, consumers in Texas

4

apply with FFD Resources which is based in Utah, through a website administered in Virginia. The delinquent, unpaid loans are sent to LMP for collection out of Florida. This constitutes an enterprise doing business in interstate commerce.

12.   FFD Resources charged interest at different amounts per $100 loaned depending on the number of days of the loan. A table of FFD Resources' interest rates is attached hereto as Exhibit "A". *As applied to the Plaintiff's $400 loan, FFD Resources charged $50 per $100 loaned over 30 days, or a total of $200, amounting to a 608.33% APR.* This was in addition to a number of $50 payments that were made towards the loan amount that were not credited to principal and were thus credited to additional interest charged on the loan.

13.   FFD Resources' interest rates charged are well in excess of the rates allowed under the Texas Finance Code, which are found in a table at 7 TAC § 83.604(c), attached hereto as Exhibit "B". Under that table of allowed rates in Texas, FFD Resources was only allowed to charge an initial "acquisition charge" of $10, plus a "handling charge" of $4 per $100 loaned per month. For a $400 loan like the Plaintiff's, the maximum amount allowed was $26.00 for 30 days, amounting to an approximate 80% APR. *FFD Resources charged the Plaintiff interest at almost 8 times the lawful rate in Texas.*

5

14.     FFD Resources and FFD Ventures have used the proceeds of their illegal loans made to Texas residents by investing all or part of the illegal gains directly and/or indirectly in the establishment and/or operation of their illegal loan enterprise which is engaged in interstate commerce.

15.     LMP at all times acted as FFD Resources' agent and FFD Resources is liable for all of the collection actions of its agent LMP.

16.     LMP knew that it was collecting unlawful debts by the very information it received from FFD Resources about the debts.  LMP also knew it was merely a group of collectors, but it held itself out to the consumer debtors as a group of lawyers with the power to bring criminal charges and legal actions against the consumers.  LMP consciously engaged in this and other extortionate conduct in order to maximize its chances of success in collecting what it knew to be unlawful debts.  LMP telephoned Ms. Jackson and accused her of committing a crime involving a hot check.  LMP threatened to send the case to the County and have her prosecuted for a hot check.  LMP expressly told Ms. Jackson that she had committed "commerce fraud."

## IV.

## <u>Class Claims</u>

### <u>Class Action Considerations for Class Claims</u>

17.    The Plaintiff brings this action individually and on behalf of all persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Plaintiff seeks to represent two Plaintiff classes defined as follows:

<u>Class One:</u>
All persons: (i) residing in the State of Texas (ii) who applied for and obtained a "payday loan" from FFD (iii) in the State of Texas (iv) in which FFD contracted for, charged or received an acquisition charge, an installment account handling charge, a default charge, or a deferment charge in excess of the maximum amount allowed under Tex. Fin. Code, Chapter 342, Subchapter F and Tex. Admin. Code, § 83.604 (v) during the time period from October 10, 2007, through the date of entry of an order certifying the class.

<u>Class Two:</u>
All persons: (i) residing in the State of Texas (ii) who applied for and obtained a "payday loan" from FFD (iii) in the State of Texas (iv) in which FFD contracted for, charged or received an acquisition charge, an installment account handling charge, a default charge, or a deferment charge in excess of the maximum amount allowed under Tex. Fin. Code, Chapter 342, Subchapter F and Tex. Admin. Code, § 83.604 (v) during the time period from October 10, 2007, through the date of entry of an order certifying the class (vi) who suffered from extortionate collection practices of the Defendants.

18.  The class is so numerous that joinder of all members is impracticable.

19.  There are common questions of law and fact affecting the rights of class members who suffered damage due to the conduct of the Defendants described herein.  The common question of law are: (i) whether FFD Resources contracted for, charged of received an acquisition charge, a default charge, or a deferment charge in excess of the maximum amount allowed under Tex. Fin. Code, Chapter 342, Subchapter F and Tex. Admin. Code, § 83.604; (ii) whether the Defendants created an enterprise to engage in making illegal loans and collect them using extortionate practices; and (iii) whether the Defendants engaged in extortionate collection practices with respect to the class.  These common questions of law arise from the conduct in connection with form loan agreements and standard practices of FFD Resources in which FFD Resources was engaged in identical, illegal lending practices across Texas through an Internet website.  In addition, there are common questions of law that arise from the conduct of the Defendants in their relationship in creating and maintaining the enterprise.   These also constitute common questions of fact.

20.  The Plaintiff's claims are typical of the claims of class members, and the defenses of the Defendants to the claims of the Plaintiff are expected to be typical of the defenses to the claims of other class members. Indeed, the Plaintiff's claims have the same essential characteristics as the claims of the class as a whole and are

8

expected to be based upon identical legal theories. The class members have suffered the same injury and possess the same interests as the Plaintiff.   In particular, all class members have paid finance charges to FFD Resources in excess of the amount allowed by the Texas Finance Code and Texas Administrative Code and have suffered from the Enterprise's unlawful and extortionate collection actions.

21.  The Plaintiff as a representative party will fairly and adequately protect the interests of the class. The Plaintiff has retained qualified, experienced, and able counsel to represent the class, has no conflicts of interest with the class, and brings this suit specifically for the protection of the class members who have been misled, deceived, or otherwise victimized and damaged by the Defendants' practices, and not solely to recover her own personal damages.

22.  The Defendants' conduct with respect to the Plaintiff is and has been generally applicable to the class, thereby making relief and damages with respect to the class as a whole.

23.  The prosecution of separate suits by individual members of the class would create a risk of inconsistent and varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the party opposing the class.  To avoid this result, this suit should be maintained as a class action.

9

24.  The prosecution of separate suits by individual members of the class would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. To avoid this result, this suit should be maintained as a class action.

25.  The Plaintiff believes this Court will find that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Thus, this suit should be maintained as a class action.

Violations of the Texas Finance Code

26.  FFD Resources made consumer deferred presentment loans in the State of Texas without holding a license in violation of Tex. Admin. Code, § 83.204(b).

27.  FFD Resources contracted for, charged or received finance charges, including but not limited to acquisition charges, installment account handling charges, default charges and deferment charges, far in excess of the maximum amount allowed under Texas Finance Code, Chapter 342, Subchapter F and Tex. Admin. Code, § 83.604.

28.  FFD Resources' conduct directly and proximately caused damages to

the Plaintiff and the class members, which the Plaintiff and the class now seek.

29. FFD Resources contracted for, charged or received finance charges, including but not limited to acquisition charges, installment account handling charges, default charges and deferment charges, of more than 3 times the lawful rate, entitling the class members to penalties against FFD Resources.

<u>RICO Claims</u>

30. The Defendants are persons as defined by 18 U.S.C. § 1961(3) and are an "enterprise" as defined by 18 U.S.C. § 1961(4).

31. FFD Resources lent money to the Plaintiff and the class members at a rate that was illegal under Texas law, making the debts "unlawful debts" as defined under 18 U.S.C. § 1961(6).

32. The Defendants engaged in activity that constituted "racketeering activity" as defined under 18 U.S.C. § 1961(1).  Specifically:

    (a) FFD Resources made extortionate extensions of credit to the Plaintiff and the class members in violation of 18 U.S.C. § 892, by making loans to the Plaintiff and the class members that were not enforceable in Texas and that were at a rate of interest for in excess of the allowed rate on a deferred presentment loan or "payday loan."

    (b) FFD Resources and the other Defendants participated in or conspired to participate in the use of extortionate means to collect or attempt to collect the extensions of credit to the Plaintiff and the class members in violation of 18 U.S.C. § 894 by making threats of arrest that were unlawful and impossible.

(c) Defendants knowingly engaged in a monetary transaction in criminally derived property of a value greater than $10,000 and derived from specified unlawful activity in violation of 18 U.S.C. § 1957(a).

33. The Defendants have received income derived, directly and/or indirectly, from a pattern of racketeering activity and/or through collection of unlawful debts in which the Defendants have participated as principal within the meaning of 18 U.S.C. § 2, and the Defendants have used or invested, directly and/or indirectly, a part of that income or the proceeds of that income in the establishment and/or operation of an enterprise which is engaged in interstate commerce.  In particular, the Defendants have taken the income derived from the activities of FFD Resources and LMP and have used or invested part of the income in the operation of FFD Resources and its affiliates in interstate commerce.  This constitutes a violation of 18 U.S.C. § 1962(a).

34. The Defendants have participated, directly and/or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity or collection of an unlawful debt in violation of 18 U.S.C. § 1962(c).

35. The Does, who are persons employed by or associated with the enterprise and have conspired to violate subsection (a) and (c) of section 1962 of title 18 of the United States Code, in violation of 18 U.S.C. § 1962(d).   In

12

particular, the Defendants agreed to charge, or conspired to charge and assisted in charging exceedingly usurious interest rates and agreed to collect these unlawful debts through extortionate practices.

36. The Defendants' conduct directly and proximately caused damages to the Plaintiff and the class that the Plaintiff and the class now seek.

37. The Defendants are liable to the Plaintiff and the class for an amount equal to three times the damages sustained and costs of the suit including a reasonable attorney's fee.

38. In addition, the Plaintiff seeks the issuance of appropriate orders, including but not limited to an order divesting FFD Ventures from its interest in FFD Resources, an order divesting the Does from their interests in FFD Ventures, FFD Resources, and LMP, an order imposing reasonable restrictions on the future activities of FFD Resources and LMP, prohibiting loans of the same type as those complained of in this suit and/or collection of those loans, and an order dissolving FFD Resources, FFD Ventures, and LMP, liquidating their assets, and disbursing the proceeds of the liquidation to the Plaintiff and the class members in compensation of damages that may be awarded.

13

## V.

## Individual Claims

### A.  Texas Collection Act Claims

39.  FFD Resources and LMP are collectively referred to in paragraph numbers 39 through 49 as the Texas Act Collectors.

40.  The Texas Act Collectors' conduct constitutes violations of the Texas Collection Practices Act, codified in the Texas Finance Code.

41.  The Plaintiff is a consumer as that term is defined by Tex. Fin. Code, § 392.001(1).

42.  The Texas Act Collectors are debt collectors as that term is defined by Tex. Fin. Code, § 392.001(6).

### Threats or Coercion:  Tex. Fin. Code, § 392.301

43.  The Texas Act Collectors' actions and conduct constitute violations of Texas Finance Code, § 392.301, specifically by:

(a) accusing falsely or threatening to accuse falsely the Plaintiff of fraud or any other crime in violation of Tex. Fin. Code, § 392.301(a)(2).
(b) threatening that the Plaintiff would be arrested for nonpayment of a consumer debt without proper court proceedings in violation of Tex. Fin. Code, § 392.301(a)(5).
(c) threatening to file a charge, complaint, or criminal action against the Plaintiff when the Plaintiff had not violated a criminal law in violation of Tex. Fin. Code, § 392.301(a)(6).
(d) threatening to take an action prohibited by law in violation of Tex. Fin. Code, § 392.301(a)(8).

44.  The Texas Act Collectors' conduct was the direct cause of damages to the Plaintiff in an amount in excess of the jurisdictional limits of the Court, for which the Plaintiff now sues.

<u>Harassment; Abuse: Tex. Fin. Code, § 392.302</u>

45.  The Texas Act Collectors' actions and conduct constitute violations of Texas Finance Code, § 392.302, specifically by using language intended to abuse unreasonably the hearer or reader in violation of  section 392.302(1) of the Texas Finance Code.

46.  The Texas Act Collectors' conduct was the direct cause of damages to the Plaintiff in an amount in excess of the jurisdictional limits of the Court, for which the Plaintiff now sues.

<u>Fraudulent, Deceptive, or Misleading Representations:<br>Tex. Fin. Code, § 392.304</u>

47.  The Texas Act Collectors' actions and conduct constitute violations of Texas Finance Code, § 392.304, as follows:

a. Misrepresenting the character, extent, or amount of the Plaintiff's consumer debt, or misrepresenting the Plaintiff's consumer debt's status in a judicial or governmental proceeding in violation of section 392.304(a)(8) of the Texas Finance Code.
b. Representing falsely the status or nature of the services rendered by the debt collector or the debt collector's business in violation of section 392.304(a)(14) of the Texas Finance Code.
c. Using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer in violation of section 392.304(19) of the Texas Finance Code.

15

48.  The Texas Act Collectors' conduct was the direct cause of damages to the Plaintiff in an amount in excess of the jurisdictional limits of the Court, for which the Plaintiff now sues.

### Costs of Litigation and Attorney's Fees

49.  The Plaintiff has been forced to hire the attorneys whose names appear below to pursue those claims on their behalf.  The Plaintiff seeks an award of her costs of this action, including but not limited to reasonable attorneys' fees pursuant to Tex. Fin. Code, § 392.403(b).

### B.  Violations of the FDCPA

50.  The Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3).  LMP is a debt collector as defined by 15 U.S.C. § 1692a(6).

51.  LMP communicated with third parties without the prior consent of the Plaintiff or the express permission of a court of competent jurisdiction, in violation of 15 U.S.C. § 1692c(b).

52.  LMP used language the natural consequence of which was to abuse the hearer in violation of 15 U.S.C. § 1692d(2).   In particular, the Defendants' representative accused the Plaintiff of committing a crime by not paying the debt.

53.  LMP falsely represented or implied that its communications were from an attorney in violation of 15 U.S.C. § 1692e(3).

54. LMP represented or implied that the Plaintiff's nonpayment of the debt would result in her arrest or imprisonment in violation of 15 U.S.C. § 1692e(4).

55. LMP threatened to file charges against the Plaintiff for writing a crime involving a check and "commerce fraud," where that action could not legally be taken and was not intended to be taken in violation of 15 U.S.C. § 1692e(5).

56. LMP falsely represented and implied that the Plaintiff committed a crime, specifically what it referred to as "commerce fraud," in order to disgrace her in violation of 15 U.S.C. § 1692e(7).

57. LMP used false representations or deceptive means to collect or attempt to collect a debt and to obtain information about the Plaintiff. In particular, LMP falsely represented that the Plaintiff had committed a crime by not paying the debt and threatened to have her prosecuted for the crime. This conduct constitutes a violation of 15 U.S.C. § 1692e(10).

58. LMP's conduct described above was the direct cause of actual damages to the Plaintiff for which she now sues.

59. As a result of LMP's violations, the Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a) for which she now sues.

60. The Plaintiff would further show this Court that recovery of the costs of this action, including reasonable attorney's fees, are authorized, made, and provided under and according to the provisions of 15 U.S.C. § 1692k(a)(3), and the

17

Plaintiff seeks them in this action.

## C. Intentional Infliction of Emotional Distress

61.  LMP's and FFD Resource's conduct constitutes intentional infliction of emotional distress.  LMP made spoke with the Plaintiff's mother about the debt, accused the Plaintiff of a crime, and threatened to prosecute the Plaintiff for a crime if she did not pay the debt.  LMP's actions and threats, and FFD Resources through its agent's actions, were all calculated at intentionally inflicting emotional distress upon the Plaintiff so that she would pay the debt. These actions were intentional or reckless, their conduct was extreme and outrageous, their actions caused the Plaintiff emotional distress, and the Plaintiff's resulting emotional distress was severe.

62.  As a direct and proximate result of the acts of FFD Resources and LMP, the Plaintiff has been damaged in a sum in excess of the minimum jurisdictional limits of the court.  Moreover, FFD Resources' and LMP's actions were intentional or reckless, and the Plaintiff hereby sues for exemplary damages in an amount far in excess of the minimal jurisdictional limits of this Court.

## D. Invasion of Privacy by Way of Intrusion

63. FFD Resources' and LMP's conduct constitutes an invasion of the Plaintiff's privacy by way of intrusion, in that they intentionally intruded upon the solitude of the Plaintiff or her private affairs in a way that was or would have been

18

highly offensive to a reasonable person. FFD Resources' and LMP's intrusion was unreasonable, unjustified, or unwarranted.

64. As a direct and proximate result of the acts of FFD Resources and LMP, the Plaintiff has been damaged in a sum in excess of the minimum jurisdictional limits of the court. Moreover, FFD Resources' and LMP's actions were intentional or reckless, and the Plaintiff hereby sues for exemplary damages in an amount far in excess of the minimal jurisdictional limits of this Court.

65. FFD Resources' and LMP's conduct has proximately caused damages to the Plaintiff, and the Plaintiff has been harmed as a proximate result.

66. As a direct and proximate result of the acts of FFD Resources and LMP, the Plaintiff has been damaged in a sum in excess of the minimum jurisdictional limits of the court.

## VI.

## **Jury Demand**

67. The Plaintiff demands a trial by jury on all issues in this case.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, EBONI JACKSON, Individually and on behalf of all those similarly situated, and respectfully requests that the Defendants, LEGAL MEDIATION PRACTICE, INC., FFD RESOURCES II, LLC d/b/a WebPayday.com, FFD VENTURES, LP, and JOHN DOES 1 – 99 cited to appear, and that after trial to a jury the Plaintiff be

19

awarded judgment against the Defendants, jointly and severally as applicable, for the following:

1. Certification of classes as indicated above and an award of actual damages and where applicable penalties and punitive and/or exemplary damages against the Defendants in favor of the Class;

2. Orders of divestment of interests of FFD Ventures, LP and John Does 1 – 99 from their interests in FFD Resources II, LLC, FFD Ventures, LP, and Legal Mediation Practice, Inc.;

3. Liquidation of FFD Ventures, LP, FFD Resources II, LLC, and Legal Mediation Practice, Inc. and distribution from the liquidation to class members in satisfaction of damages awarded;

4. Prejudgment and post judgment interest as allowed by law against the Defendants on the class claims in favor of the Class;

5. Reasonable and necessary attorney's fees against the Defendants on the class claims in favor of the Class;

6. Actual damages against FFD Resources II, LLC and Legal Mediation Practice, Inc. in favor of Eboni Jackson individually;

7. Statutory damages under 15 U.S.C. § 1692k against Legal Mediation Practice, Inc. in an amount not to exceed $1,000.00 in favor of Eboni Jackson individually;

8. Additional, punitive, or exemplary damages against FFD Resources II, LLC and Legal Mediation Practice, Inc. in favor of Eboni Jackson individually;

9. Prejudgment and post judgment interest as allowed by law against FFD Resources II, LLC and Legal Mediation Practice, Inc. in favor of Eboni Jackson individually;

10. Reasonable and necessary attorney's fees and expenses against FFD Resources II, LLC and Legal Mediation Practice, Inc. on the FDCPA

and Texas Collection Practices Act claims in favor of Eboni Jackson;

11.    Costs of Court; and

12.    Such other relief, both equitable and at law, to which the Plaintiff may show herself and the Class entitled.

Respectfully submitted,

**WAUSON ♦ PROBUS**

By:___/s/  Matthew B. Probus___
            **Matthew B. Probus**
            TBA# 16341200

One Sugar Creek Center Blvd., Suite 880
Sugar Land, Texas 77478
(281) 242-0303
(281) 242-0306  (Facsimile)

*ATTORNEYS FOR PLAINTIFF,*
*EBONI JACKSON, INDIVIDUALLY*
*AND ON BEHALF OF ALL THOSE*
*SIMILARLY SITUATED*